UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| YANG KOO WOO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:16-cv-00086-TAV-HBG |
| v. | ) |
| | ) |
| OCHIAI GEORGIA, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 12] of the Chief District Judge.

Now before the Court is Plaintiff's Rule 4(d)(2) Motion for Expenses and Attorneys' Fees [Doc. 10], in which Plaintiff moves this Court to enter an Order that Defendant bear the expenses incurred by the Plaintiff in effecting service of process in this action along with the attorney's fees associated with bringing the instant Motion. The Defendant filed a Response [Doc. 16] objecting to the Plaintiff's request, and the Plaintiff filed a Reply [Doc. 20]. This motion has been fully briefed and is ripe for review. For the reasons explained below, the Plaintiff's Motion is **DENIED**.

I. **POSITIONS OF THE PARTIES**

Plaintiff asserts that after repeated requests were made to defense counsel, Attorney John Y. Lee, to execute a waiver of service, Attorney Lee informed Plaintiff that he had "no such authority" to accept service of process. The Plaintiff then engaged a private process server in an attempt to serve Defendant, but these attempts were unsuccessful. The Plaintiff asserts that he proceeded to serve the Defendant through the Georgia Secretary of State. The

Plaintiff argues that because counsel for Defendant had no good cause to refuse to execute a Waiver of Service, the Court should impose the Plaintiff's reasonable expenses and attorney's fees pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. The Plaintiff represents that he spent $190.00 to serve the Defendant, and $885.00 in preparing the instant Motion. Thus, the Plaintiff requests a total amount of $1,075.00.

Defendant filed a Response [Doc. 16], objecting to the Plaintiff's request. The Defendant asserts that Plaintiff's Motion fails as a matter of law because he failed to comply with Rule 4(d)(1) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff failed to request a waiver of service from an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," and thus failed to comply with Rule 4(d)(1)(A)(ii). The Defendant argues that Attorney Lee was not an agent authorized to receive service of process for Defendant.

In the alternative, the Defendant urges that even if Plaintiff met the requirements set forth in Rule 4(d)(1), it had good cause for its failure to waive service. The Defendant explains that its sole officer and registered agent, Mr. Chang "Eddie" Sohn, was out of the United States on business when Plaintiff attempted to request Waiver of Service. Further, Mr. Sohn's "English is limited" and communication between Mr. Sohn and Attorney Lee was "minimal" while he was out of the country. Defendant thus argues that Attorney Lee could not communicate with Mr. Sohn to inform him of the request to waive service. Therefore, Defendant requests that the Court deny Plaintiff's Motion.

Plaintiff filed a Reply [Doc. 20], explaining that "Mr. Lee was and is an authorized agent for purposes of accepting service of this declaratory action pursuant to Rule 4(h)." Plaintiff asserts that Attorney Lee was retained by Defendant to file the arbitration claim

2

against Plaintiff, and "[a]s such, he has been designated to be served with papers related to that proceeding." In addition, Plaintiff argues that Defendant cannot establish good cause for the failure to waive service because Attorney Lee could have obtained authority for accepting service through an email or a telephone call to Mr. Sohn.

**II. ANALYSIS**

Federal Rule of Civil Procedure 4(d)(1)(A) provides that a plaintiff may request that a defendant waive service of summons, but such a request must "be in writing and addressed . . . (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Because Defendant is a corporation, it is subject to the conditions for service under Rule 4(h).

In the instant matter, the request for waiver of service was not directed to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Instead, the request was made to Attorney Lee. Attorney Lee repeatedly communicated to the Plaintiff that he was not authorized to waive service. Moreover, "A defendant's attorney is not deemed to be an agent appointed to receive service of process, unless there is a factual basis for believing that such an appointment by the defendant has occurred." Arthur v. Litton Loan Servicing LP., 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002). Attorney Lee informed the Plaintiff several times that he was not authorized to execute a waiver of service. Further, Mr. Sohn's Declaration [Doc. 16-1] confirms that at no time did he authorize Attorney Lee to accept service or waive service on behalf of the Defendant while he was in Korea. Accordingly, the Court finds the Plaintiff's argument not well-taken. Because the Court finds the request to waive service was not directed at the appropriate person, it does not need to address whether the Defendant established good cause for failing to

3

waive service.

## III. CONCLUSION

Accordingly, the Court hereby **DENIES** the Plaintiff's Rule 4(d)(2) Motion for Expenses and Attorney's Fees **[Doc. 10]**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge