UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| YANG KOO WOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-86-TAV-HBG |
| | ) | |
| OCHIA GEORGIA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel [Doc. 42]. The Motion requests that Attorney Breeding be permitted to withdraw from representing the Defendant. For grounds, the Motion states that counsel has consulted with the Defendant with respect to withdrawing, the Defendant has requested that counsel withdraw, and that withdrawal can be accomplished without prejudice to the Defendant.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;

> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that the Motion to Withdraw is deficient. For instance, the Motion does not include the Defendant's current telephone number.[1] While the Motion states that Attorney Breeding consulted with the Defendant and that the Defendant made the request, the Local Rule requires that the client sign the motion, sign a consent document that is attached to the motion, or counsel must provide a copy of the motion to the client fourteen (14) days before filing. In addition, there is no certification that the requirements of Local Rule 83.4 have been met. Finally, the Motion has not addressed Local Rule 83.4(g), which provides, "If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel."

Accordingly, because the Motion does not comply with Local Rule 83.4, the Motion to Withdraw as Counsel [**Doc. 42**] is **DENIED WITHOUT PREJUDICE**. Attorney Breeding may refile her Motion consistent with the Local Rules of this Court.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[1] The Motion includes a Certificate of Service, which provides the address of Mr. Eddie Sohn. Upon review of the pleadings [Doc. 40 at 2, 11], it appears Mr. Sohn is the Defendant's sole member.