UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| YANK KOO WOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cv-86-TAV-HBG |
| | ) | |
| OCHIAI GEORGIA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion for Withdrawal and Stay of Proceedings [Doc. 45], filed by Attorney Shelley S. Breeding. Attorney Breeding states that she filed a Notice of Appearance pursuant to Local Rule 83.4(a) as associated by counsel personally retained by the Defendant. The Motion explains that the Defendant has severed representation with lead counsel in Chicago and that Attorney Breeding was directed by lead counsel in Chicago to withdraw from this action as a direct response to the Defendant terminating representation.[1] Further, the Motion explains that the Defendant is currently in negotiations for substitute counsel. In addition, Attorney Breeding submits that the Defendant has communicated that it is unable to continue with local counsel after severing representations with lead counsel in Chicago. Attorney Breeding continues that she has attempted to communicate directly with the Defendant regarding her withdrawal and that on June 16, 2017, she forwarded a copy of the instant Motion to the Defendant. She further explains that

---

[1] The Court notes that the only counsel that has appeared on behalf of the Defendant in this matter is Attorney Shelley Breeding.

she has not received a response from the Defendant. Finally, she requests a sixty-day stay of this action in order for the Defendant to secure substitute counsel.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Attorney Breeding's Motion for Withdrawal complies with the Local Rules. In addition, Attorney Breeding's Motion explains that the Defendant has communicated that it is unable to continue with her representation. Further, Attorney Breeding has attempted to communicate directly with the Defendant regarding representation, but the Defendant has not responded. Accordingly, Attorney Breeding's request to withdraw is well-taken, and it is **GRANTED**. The Court expects Attorney Breeding to provide copies of any relevant documents to any future counsel for the Defendant or directly to the Defendant upon request. Attorney Breeding is **RELIEVED** of her duties as counsel in this case.

The Motion also requests that the Court stay this action for sixty days so that the Defendant may obtain new counsel. The Court will grant the Defendant thirty (30) days to obtain new counsel. After thirty days, the Defendant is **DEEMED** to be proceeding *pro se*. Until it obtains substitute counsel, it is the Defendant's obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. *See also* E.D. Tenn. L.R. 7.1. However, the Defendant is **ADMONISHED** that "corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney." *In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009). Accordingly, the Motion for Withdrawal and Stay of Proceedings [**Doc. 45**] is **GRANTED IN PART AND DENIED IN PART.** The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to the Defendant at the address provided in the Motion for Withdrawal and to update ECF accordingly.

    **IT IS SO ORDERED.**

                                        ENTER:

                                        _/s/ Bruce Guyton_
                                        United States Magistrate Judge